█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD J. SADNESS, Appellant.— Appeal from an order of the County Court of Ulster County which denied the appellant's application for a writ of error *coram nobis*. The appellant, through his counsel, pleaded guilty on April 11, 1940 to the crime of grand larceny, first degree and was sentenced by the Ulster County Court as a second offender to from 10 to 20 years. In 1948 he made an

application for a writ of error *coram nobis* based on lack of due process in that he was not accorded his rights respecting counsel, and was improperly sentenced as a second offender but this was denied without a hearing. The Appellate Division reversed on the ground that a plea must be put in by the defendant himself and not through counsel as here (275 App. Div. 260), but the Court of Appeals affirmed the lower court holding that a plea of guilty through counsel was not grounds for reversal of the conviction and also noting that the allegations of the petition were without support in the record (300 N. Y. 69). In 1958 the appellant made the present petition alleging as errors the failure to assign counsel, improper transfer of the case from Supreme Court to County Court, that a plea of not guilty had never been made in County Court, that he was not present when the plea was entered and that incompetent counsel was assigned him. The appellant was assigned an attorney and after hearing oral arguments the lower court denied the application. The appellant was originally arraigned in the Supreme Court which thereafter ordered the case removed to County Court as it had the power to do (Code Crim. Pro., § 22, subd. 6). The appellant complains that while he was originally arraigned in Supreme Court on February 28, 1940 he was not assigned counsel until April 8, 1940 by the County Court. However, he was advised by the Supreme Court on February 28 that he was entitled to a postponement to get a lawyer and he stated that he could get a lawyer. Counsel was assigned by the County Court on April 8, 1940 and as pointed out above this question was passed on by the courts in the previous application. The Court of Appeals also then noted that the appellant was present when the plea of guilty was entered by his attorney and this is clearly demonstrated by the stenographer's minutes taken at the time. There is no merit in the appellant's argument that he had never pleaded not guilty in the County Court so that he could not have withdrawn such a plea on April 11 when he pleaded guilty for in any event the plea of guilty was plainly entered. Finally there is the allegation of incompetent counsel. The court assigned counsel on April 8 even though the appellant indicated that he desired to plead his own case. It appears that the assigned counsel was a former Assistant District Attorney and that a reasonable opportunity was provided for him to consult with the appellant (*cf. People v. Tomaselli*, 7 N Y 2d 350). We find no merit to any of appellant's contentions. Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.